IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CLEO BELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1354-RGA |
| | ) | |
| UNKNOWN RESPONDENT,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

## I. BACKGROUND

Presently before the court is a document filed by petitioner Cleo Bell ("Bell"). (D.I. 1) Although the document is mostly unintelligible, Bell states that he is "mentally ill and [has] taken [his] medicine faithfully for 40 odd years," and he asks the court to order his "release from this torment." *Id.* at 4.

The instant document is petitioner Bell's second filing in this court. In 2011, he filed a document asking to be released from the Kinston Rehabilitation Center. *See Bell v. Kinston Rehabilitation Center*, Civ. Act. No. 11-041-BMS. In that case, Bell asserted he was mentally ill and was illegally being held due to a psychiatric hearing in 2008. The Honorable Berle M. Schiller summarily dismissed that petition for lack of jurisdiction. *See Bell*, Civ. Act. No. 11-041-BMS, Mem. Order (D. Del. Feb. 7, 2011).

---

[1]The caption in the docket for this case lists Kinston Rehabilitation Center as the respondent. However, Bell's instant filing does not identify a respondent, and the return address on the envelope in which he mailed the instant filing also does not identify Kinston Rehabilitation Center as his place of residence. Therefore, the court concludes that Kinston Rehabilitation is not the proper respondent, and directs the clerk to change the caption to read "Unknown Respondent."

Although Bell has not identified his present location from which he seeks release, the instant document appears to vaguely reassert the same illegal detention issues Bell asserted in his 2011 petition. Therefore, the court liberally construes the pending document to be a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition").

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Having reviewed the face of the instant petition, the court concludes that summary dismissal is appropriate. Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court.[2] *See* 28 U.S.C. § 2254; 28 U.S.C. 2255(a); 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or ... the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, the court lacks jurisdiction over the instant proceeding.

---

[2]Given the unintelligible nature of the instant filing, the court cannot discern if petitioner's "confinement" where he is presently located is even the result of any state court judgment. It does appear from the record (i.e., the return address of his envelope) that he is in North Carolina.

2

The court further concludes that there is no basis for the issuance of a certificate of appealibility, because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the reasons set forth above, the court will dismiss the instant petition for a writ of habeas corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008). A separate order will be entered.

Dated: December 10, 2014

UNITED STATES DISTRICT JUDGE

3